IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Sergio Donte Latimer, #227614,<br><br>Plaintiff,<br><br>v.<br><br>Internal Revenue Service,<br><br>Defendants. | C/A No. 6:23-5259-JFA-TER<br><br><br><br>**ORDER** |

Plaintiff Sergio Donte Latimer ("Plaintiff") is a state pre-trial detainee proceeding *pro se* and *in forma pauperis*. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to a Magistrate Judge for review.

After reviewing Plaintiff's Complaint, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines this action should be summarily dismissed with prejudice and without issuance and service of process. (ECF No. 7). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report which was entered on the docket on October 25, 2023. *Id.* The Magistrate Judge required Plaintiff to file objections

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

by November 8, 2023. *Id.* To date, Plaintiff has failed to file objections or otherwise respond to the Report. Thus, this matter is ripe for review.

## I.     LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate Judge, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1

(D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The standards for a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and a motion summary judgment are well known and stated within the Report which incorporated herein.

## II. DISCUSSION

Although this Court incorporates the factual background discussed in the Report, a brief recitation of the relevant facts is necessary to properly address Petitioner's objections. In the Complaint, Plaintiff alleges his Fourth, Fifth, and Fourteenth Amendment rights have been violated because the Internal Revenue Service ("IRS") directed stimulus payments to pay his debts instead of sending the payment directly to him by paper check. (ECF No. 1, p. 4). As a result, Plaintiff alleges he has suffered distress and as relief, Plaintiff seeks

3

"monetary damages to include EIPs."[2] *Id.* at 7. After reviewing Plaintiff's allegations, the Magistrate Judge finds that Plaintiff has failed to state a claim upon which relief can be granted for a variety of reasons. This Court agrees with the Report on each ground for dismissal and adopts the Report in full.

First, Plaintiff alleges this is an action arising under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, as the Report states a *Bivens* action can only be against individuals. Even if Plaintiff attempted to amend his Complaint to name individual IRS employees, Plaintiff's Complaint would still fail to state a claim upon which relief could be granted because Plaintiff may not sue individual IRS employees or officials under *Bivens* due to the existence of various other statutory remedies available to the taxpayer.

Second, the Report considers whether Plaintiff intended to bring an action against the United States under the Federal Torts Claims Act ("FTCA"). Even assuming this was Plaintiff's intention, the Report finds Plaintiff's claims still fail because this Court would lack subject matter jurisdiction over this action. The FTCA has strict pre-filing requirements that must be complied with prior to a Plaintiff filing a civil suit in this Court. Because Plaintiff failed to comply with these requirements, this Court would lack jurisdiction over this action. *See Kokotis v. U.S. Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000).

---

[2] An "EIP" is an economic impact payment or stimulus check which were distributed to eligible United States citizens in 2021 as a result of the Coronavirus Aid, Relief, and Economic Security act which was signed into law in March of 2020.

Third, Plaintiff's claims fail because the Internal Revenue Code specifically allows the IRS to intercept payments such as the stimulus check to pay certain outstanding debts. The Internal Revenue Code unambiguously "direct[s] the Secretary of Treasury to 'intercept' certain tax refunds payable to persons who have failed to meet child-support obligations." *Sorenson v. Sec'y of Treasury of U.S.*, 475 U.S. 851, 852-53 (1986). The IRS letters attached to the Complaint state that the first EIP was applied to "an outstanding debt reported to the Treasury Department by child support agencies or other federal or state agencies." (ECF No. 1-1). Thus, not only is this type of interception contemplated and allowed by the IRS, an action by the IRS in this regard is not subject to judicial or administrative review. *See* 26 U.S.C. § 6402(g).

Finally, the Report states and this Court agrees the Coronavirus Aid, Relief, and Economic Security ("CARES") act does not give a private right of action to citizens for requesting EIPs. *See Whaley v. Sec'y of U.S. Dept of Treasury*, 2023 WL 6579001, at *2 (D.S.C. Oct. 10, 2023).

Plaintiff failed to raise any objections or otherwise Respond to the Report, and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and Plaintiff's Complaint in this case indicate that the Magistrate Judge did a thorough job of liberally construing Plaintiff's claims in a light most favorable to him while also applying the correct principles of law. After doing so, the Magistrate Judge correctly concluded that Plaintiff fails to state a claim upon which relief can be granted. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 7).

### III.	CONCLUSION

For all the above stated reasons, this Court adopts the Report and Recommendation (ECF No. 7) in full and summarily dismisses this action with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

January 3, 2024  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge